STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

PEGGY BARNHART, Independent Administrator )
of the Estate of Samuel G. Barnhart, Sr., deceased, )
                                          )
                    Plaintiff,             )
                                            )
vs.                                        )
                                          )
COVENANT CARE MIDWEST, INC., d/b/a )
CEDAR RIDGE HEALTH & REHAB CENTER, )
d/b/a FRIENDSHIP HOME and d/b/a HIGHLAND )
HEALTH CARE CENTER; )
COVENANT CARE, INC.; )
COVENANT CARE, LLC; )
CENTRE PARTNERS MANAGEMENT, LLC; )
COVENANT CARE'S SENIOR MANAGEMENT;)
COVENANT CARE CALIFORNIA, INC.; )
COVENANT CARE CALIFORNIA, LLC; )
ROBERT LEVIN; )
ANDREW F. TOROK; )
                Defendants.      )

No. 2011-L- *0397*



## COMPLAINT JURY DEMAND

### COUNT I
### STATUTORY CLAIM UNDER THE NURSING HOME CARE ACT
### SURVIVAL ACTION AGAINST COVENANT CARE MIDWEST, INC.,
### d/b/a CEDAR RIDGE HEALTH & REHAB CENTER

Now comes Plaintiff, Peggy Barnhart, as Independent Administrator of the Estate

of Samuel G. Barnhart, Sr., deceased, by her attorneys, Sutterfield Law Offices, P.C., and

for Count I of her Complaint against Defendant, Covenant Care Midwest, Inc., d/b/a

Cedar Ridge Health & Rehab Center, states as follows:

1.    This action is brought pursuant to 210 ILCS 45/1-101 *et seq.*, commonly

        known as the "Nursing Home Care Act."

2.   Samuel G. Barnhart, Sr., hereinafter referred to as "Samuel", was born on January 31, 1956.

3.   Samuel died on July 15, 2009 in Chesterfield, St. Louis County, Missouri.

4.   On or about December 21, 2009, Peggy Barnhart was appointed independent administrator of the Estate of Samuel G. Barnhart, Sr., and letters of office were issued to Peggy Barnhart as independent administrator of the Estate of Samuel G. Barnhart, Sr., by the St. Clair County Circuit Clerk, Cause No. 09-P-745.

5.   Covenant Care Midwest, Inc., is a California corporation, located at 27071 Aliso Creek Road, Suite 100, Aliso Viejo, California.

6.   At all relevant times hereto, Covenant Care Midwest, Inc., owned, operated and was the license holder of a long-term nursing care facility known as Cedar Ridge Health and Rehab Center, 1 Perryman Street, Lebanon, County of St. Clair, State of Illinois, a/k/a Friendship Home, a/k/a Highland Health Care Center, hereinafter referred to as "Cedar Ridge."

7.   Samuel was admitted to Cedar Ridge on June 17, 2009.

8.   Samuel was discharged from Cedar Ridge on July 11, 2009.

9.   From the time of Samuel's admission through the date of his discharge, Samuel was to have his prothrombin time ("PT") and international normalization ration ("INR") monitored in accordance with the orders of his physician.

10.   At all relevant times hereto, Defendant Cedar Ridge was subject to the provisions of the Nursing Home Care Act, 210 ILCS 45/1-101, *et seq.*, (hereinafter "Act").

11.   At all relevant times hereto, Defendant Cedar Ridge, as an owner and licensee, and Defendant's officers, administrator, employees, and agents had the duty to refrain from neglecting Samuel pursuant to § 2-107 of the Act.

12.   During the course of his residency at Cedar Ridge, Defendant Cedar Ridge, through its employees and agents, violated its duty to Samuel by committing the following acts or omissions:

   a.  Defendant failed to provide adequate medical or personal care or maintenance to Samuel within the meaning of 210 ILCS 45/1-117 in that Defendant failed to monitor and accurately record Samuel's PT and INR.

   b.  Defendant failed to provide adequate medical or personal care or maintenance to Samuel within the meaning of 210 ILCS 45/1-117 in that Defendant failed to timely inform Samuel's physician of abnormally high PT and INR lab results.

13.   As a direct and proximate result of Defendant's violation of its duty as aforesaid, Samuel sustained the following injuries:

   a.  Samuel became coagulopathic and developed massive rectal bleeding, lapsed to hypovolemic shock, and developed cardiac arrest.

14.   As a direct and proximate result of the aforesaid, Samuel suffered serious injuries of a personal and pecuniary nature, including but not limited to great pain and suffering, emotional distress, and medical expenses.

15.   Samuel sustained pecuniary losses and damages prior to his death as a result of the foregoing statutory violations for which he would have been entitled to bring an action had he survived and this right of action survives him.

16.   Peggy Barnhart, Independent Administrator of the Estate of Samuel G. Barnhart, Sr., deceased, brings this action for Samuel under the provisions of 755 ILCS 5/27-6, known as the Illinois Survival Statute.

WHEREFORE, Plaintiff, Peggy Barnhart, Independent Administrator of the Estate of Samuel G. Barnhart, Sr., deceased, prays for judgment against defendant, Covenant Care Midwest, Inc., d/b/a Cedar Ridge Health and Rehab Center, in a fair and just amount in excess of $50,000.00, all relief authorized by §3-602 of the Nursing Home Care Act, and costs of suit. Plaintiff demands trial by jury.

COUNT II
COMMON LAW WRONGFUL DEATH CLAIM
AGAINST COVENANT CARE MIDWEST, INC.,
d/b/a CEDAR RIDGE HEALTH & REHAB CENTER,
d/b/a FRIENDSHIP HOME,
d/b/a HIGHLAND HEALTH CARE CENTER

Now comes Plaintiff, Peggy Barnhart, as Independent Administrator of the Estate of Samuel G. Barnhart, Sr., deceased, by her attorneys, Sutterfield Law Offices, P.C., and for Count II of her Complaint against Defendant, Covenant Care Midwest, Inc., d/b/a Cedar Ridge Health and Rehab Center, states as follows:

1.   This action is brought pursuant to 740 ILCS 180/1, et seq., commonly known as the "Wrongful Death Act."

2-13.   Plaintiff realleges paragraphs 2-13 of Count I as paragraphs 2-13 of Count II.

14.   As a direct and proximate result of the aforesaid, Samuel died.

15.   Samuel left his spouse, Peggy Barnhart and his children, Stacie Seidell, Amy

Barnhart, and Samuel G. Barnhart, Jr. as his next of kin.

16. Samuel's next of kin sustained injuries as a result of Samuel's death, including the loss of companionship and society.

17. Plaintiff attaches hereto the affidavit of her attorney pursuant to 735 ILCS 5/2-622(a)(2) that he has been unable to obtain a consultation required by 735 ILCS 5/2-622(a)(1) because a statute of limitations would impair the action and the consultation required could not be obtained before the expiration of the statute of limitations.

WHEREFORE, Plaintiff, Peggy Barnhart, Independent Administrator of the Estate of Samuel G. Barnhart, Sr., deceased, prays for judgment against defendant, Covenant Care Midwest, Inc., d/b/a Cedar Ridge Health and Rehab Center, in a fair and just amount in excess of $50,000.00 and costs of suit. Plaintiff demands trial by jury.

## COUNT III
## COMMON LAW SURVIVAL CLAIM AGAINST
## COVENANT CARE, INC.

Now comes Plaintiff, Peggy Barnhart, as Independent Administrator of the Estate of Samuel G. Barnhart, Sr., deceased, by her attorneys, Sutterfield Law Offices, P.C., and, for Count III of her Complaint against Defendant, Covenant Care, Inc., states as follows:

1-10. Plaintiff realleges paragraphs 2-11 of Count I as paragraphs 1-10 of Count III.

11. At all times relevant hereto, Defendant Covenant Care, Inc. owned, controlled, and managed Cedar Ridge.

12. At all times relevant hereto, Defendant Covenant Care, Inc. controlled and directly participated in the operation, planning, management, and quality

control of Cedar Ridge, including but not limited to: the budget; the hiring and retention of the Administrator and the Director of Nursing; the level of nursing staff; training of nursing staff; resident census goals; creation and implementation of policies and procedures used by Cedar Ridge; the entity providing therapy services at the facility; the pharmacy that provided medicines to the residents at the facility; the contents of the resident contract; the consultants that the facility would use in its operation; the outside contractors the facility would use in its operation; marketing; quality assessment; and the facility's compliance with applicable State of Illinois and federal regulations governing the operation of nursing homes; and financial, tax and accounting control.

13. At all times relevant hereto, Defendant Covenant Care, Inc., by its officers and agents, knew there was in full force and effect a statute known as the Nursing Home Care Act, as amended, 210 ILCS 45/1-101 et seq., ("Act") that governed the operation of Cedar Ridge.

14. At all times relevant hereto, Defendant Covenant Care, Inc., by its officers and agents, knew that Cedar Ridge, by its officers, administrator, and agents, had the duty to refrain from neglecting Samuel pursuant to § 2-107 of the Act.

15. At all times relevant hereto, Defendant Covenant Care, Inc., by its officers and agents, knew that the failure of Cedar Ridge to have sufficient numbers of nursing staff to provide nursing and related services to attain and maintain the highest practicable physical, mental, and psychosocial well-being of each resident, as determined by resident assessments and individual plans of care,

would cause the neglect of residents at Cedar Ridge, as that term is defined at § 1-117 of the Act.

16.    At all times relevant hereto, Defendant Covenant Care, Inc., by its officers and agents, knew that the failure of Cedar Ridge to have sufficiently qualified nursing staff to meet the needs of its residents would cause the neglect of residents at Cedar Ridge, as that term is defined at § 1-117 of the Act.

17.    At all times relevant hereto Defendant Covenant Care, Inc., had the duty to exercise the standard of skill and care ordinarily used by a reasonably well-qualified management company of a long-term residential care facility.

18.    During the course of Samuel's residency at Cedar Ridge, Defendant Covenant Care, Inc., through its employees and agents, violated its duty to Samuel by committing the following act or omissions:

   a. Defendant failed to provide the budget resources to enable Cedar Ridge to have sufficient numbers of nursing staff to provide nursing and related services to monitor and accurately record Samuel's PT and INR.

   b. Defendant failed to provide the budget resources to enable Cedar Ridge to have adequately trained nursing staff to understand and follow physician orders related to the administration and monitoring of Coumadin to Samuel.

   c. Defendant failed to provide the budget resources to enable Cedar Ridge to have adequately trained staff to understand PT and INR labs so as to timely report abnormally high results to Samuel's physician.

d. Defendant encouraged Cedar Ridge to maintain a resident census that Defendant knew or should have known was in excess of the nursing staff's ability to meet its duty to provide adequate medical or personal care or maintenance to its residents.

e. Defendant encouraged Cedar Ridge to admit residents who had care needs that exceeded the skill and training of it nurses.

19. As a direct and proximate result of Defendant's violation of its duty aforesaid, Samuel sustained the following injuries:

a. Samuel became coagulopathic and developed massive rectal bleeding, lapsed to hypovolemic shock, and developed cardiac arrest.

20. As a direct and proximate result of the aforesaid, Samuel suffered serious injuries of a personal and pecuniary nature, including but not limited to great pain and suffering, emotional distress, and medical expenses.

21. Samuel sustained pecuniary losses and damages prior to his death as a result of the foregoing statutory violations for which he would have been entitled to bring an action had he survived and this right of action survives him.

22. 735 ILCS 5/2-622 does not apply to this cause, as Defendant Covenant Care, Inc., does not engage in the diagnosis of medical conditions and, as such, does not engage in the healing arts.

23. Peggy Barnhart, Independent Administrator of the Estate of Samuel G. Barnhart, Sr., deceased, brings this action for Samuel under the provisions of 755 ILCS 5/27-6, known as the Illinois Survival Statute.

WHEREFORE, Plaintiff, Peggy Barnhart, Independent Administrator of the Estate of Samuel G. Barnhart, Sr., deceased, prays for judgment against Defendant, Covenant Care, Inc., in a fair and just amount in excess of $50,000.00, and costs of suit. Plaintiff demands trial by jury.

**COUNT IV**
**WRONGFUL DEATH CLAIM AGAINST**
**COVENANT CARE, INC.**

Now comes Plaintiff, Peggy Barnhart, as Independent Administrator of the Estate of Samuel G. Barnhart, Sr., deceased, by her attorneys, Sutterfield Law Offices, P.C., and, for Count IV of her Complaint against Defendant, Covenant Care, Inc., states as follows:

1. This action is brought pursuant to 740 ILCS 180/1, et seq., commonly known as the "Wrongful Death Act."

2-20. Plaintiff realleges paragraphs 1-19 of Count III as paragraphs 2-20 of Count IV.

21. As a direct and proximate result of the aforesaid, Samuel died.

22. Samuel left his spouse, Peggy Barnhart and his children, Stacie Seidell, Amy Barnhart, and Samuel G. Barnhart, Jr. as his next of kin.

23. Samuel's next of kin sustained injuries as a result of Samuel's death, including the loss of companionship and society.

24. 735 ILCS 5/2-622 does not apply to this cause, as Defendant Covenant Care, Inc., by its owners, officers, employees and agents, does not engage in the diagnosis of medical conditions and, as such, does not engage in the healing arts.

WHEREFORE, Plaintiff, Peggy Barnhart, Independent Administrator of the Estate of Samuel G. Barnhart, Sr., deceased, prays for judgment against defendant, Covenant Care, Inc., in a fair and just amount in excess of $50,000.00 and costs of suit. Plaintiff demands trial by jury.

**COUNT V**
**COMMON LAW SURVIVAL CLAIM AGAINST**
**COVENANT CARE, LLC.**

Now comes Plaintiff, Peggy Barnhart, as Independent Administrator of the Estate of Samuel G. Barnhart, Sr., deceased, by her attorneys, Sutterfield Law Offices, P.C., and, for Count V of her Complaint against Defendant, Covenant Care, LLC, states as follows:

1-10.  Plaintiff realleges paragraphs 2-11 of Count I as paragraphs 1-10 of Count V.

11.  At all times relevant hereto, Defendant Covenant Care, LLC. owned, controlled and managed Cedar Ridge.

12.  At all times relevant hereto, Defendant Covenant Care, LLC controlled and directly participated in the operation, planning, management, and quality control of Cedar Ridge, including but not limited to: the budget; the hiring and retention of the Administrator and the Director of Nursing; the level of nursing staff; training of nursing staff; resident census goals; creation and implementation of policies and procedures used by Cedar Ridge; the entity providing therapy services at the facility; the pharmacy that provided medicines to the residents at the facility; the contents of the resident contract; the consultants that the facility would use in its operation; the outside contractors the facility would use in its operation; marketing; quality

assessment; and the facility's compliance with applicable State of Illinois and federal regulations governing the operation of nursing homes; and financial, tax and accounting control.

13.     At all times relevant hereto, Defendant Covenant Care, LLC, by its officers and agents, knew there was in full force and effect a statute known as the Nursing Home Care Act, as amended, 210 ILCS 45/1-101 et seq., ("Act") that governed the operation of Cedar Ridge.

14.     At all times relevant hereto, Defendant Covenant Care, LLC, by its officers and agents, knew that Cedar Ridge, by its officers, administrator, and agents, had the duty to refrain from neglecting Samuel pursuant to § 2-107 of the Act.

15.     At all times relevant hereto, Defendant Covenant Care, LLC, by its officers and agents, knew that the failure of Cedar Ridge to have sufficient numbers of nursing staff to provide nursing and related services to attain and maintain the highest practicable physical, mental, and psychosocial well-being of each resident, as determined by resident assessments and individual plans of care, would cause the neglect of residents at Cedar Ridge, as that term is defined at § 1-117 of the Act.

16.     At all times relevant hereto, Defendant Covenant Care, LLC, by its officers and agents, knew that the failure of Cedar Ridge to have sufficiently qualified nursing staff to meet the needs of its residents would cause the neglect of residents at Cedar Ridge, as that term is defined at § 1-117 of the Act.

17.   At all times relevant hereto Defendant Covenant Care, LLC, had the duty to exercise the standard of skill and care ordinarily used by a reasonably well-qualified management company of a long-term residential care facility.

18.   During the course of Samuel's residency at Cedar Ridge, Defendant Covenant Care, LLC, through its employees and agents, violated its duty to Samuel by committing the following act or omissions:

   a.   Defendant failed to provide the budget resources to enable Cedar Ridge to have sufficient numbers of nursing staff to provide nursing and related services to monitor and accurately record Samuel's PT and INR.

   b.   Defendant failed to provide the budget resources to enable Cedar Ridge to have adequately trained nursing staff to understand and follow physician orders related to the administration and monitoring of Coumadin to Samuel.

   c.   Defendant failed to provide the budget resources to enable Cedar Ridge to have adequately trained staff to understand PT and INR labs so as to timely report abnormally high results to Samuel's physician.

   d.   Defendant encouraged Cedar Ridge to maintain a resident census that Defendant knew or should have known was in excess of the nursing staff's ability to meet its duty to provide adequate medical or personal care or maintenance to its residents.

   e.   Defendant encouraged Cedar Ridge to admit residents who had care needs that exceeded the skill and training of it nurses.

19. As a direct and proximate result of Defendant's violation of its duty aforesaid, Samuel sustained the following injuries:

   a. Samuel became coagulopathic and developed massive rectal bleeding, lapsed to hypovolemic shock, and developed cardiac arrest.

20. As a direct and proximate result of the aforesaid, Samuel suffered serious injuries of a personal and pecuniary nature, including but not limited to great pain and suffering, emotional distress, and medical expenses.

21. Samuel sustained pecuniary losses and damages prior to his death as a result of the foregoing statutory violations for which he would have been entitled to bring an action had he survived and this right of action survives him.

22. 735 ILCS 5/2-622 does not apply to this cause, as Defendant Covenant Care, LLC, does not engage in the diagnosis of medical conditions and, as such, does not engage in the healing arts.

23. Peggy Barnhart, Independent Administrator of the Estate of Samuel G. Barnhart, Sr., deceased, brings this action for Samuel under the provisions of 755 ILCS 5/27-6, known as the Illinois Survival Statute.

WHEREFORE, Plaintiff, Peggy Barnhart, Independent Administrator of the Estate of Samuel G. Barnhart, Sr., deceased, prays for judgment against Defendant, Covenant Care, LLC, in a fair and just amount in excess of $50,000.00, and costs of suit. Plaintiff demands trial by jury.

## COUNT VI
### WRONGFUL DEATH CLAIM AGAINST
### COVENANT CARE, LLC

Now comes Plaintiff, Peggy Barnhart, as Independent Administrator of the Estate of Samuel G. Barnhart, Sr., deceased, by her attorneys, Sutterfield Law Offices, P.C., and, for Count VI of her Complaint against Defendant, Covenant Care, LLC, states as follows:

1.      This action is brought pursuant to 740 ILCS 180/1, et seq., commonly known as the "Wrongful Death Act."

2-20.   Plaintiff realleges paragraphs 1-19 of Count V as paragraphs 2-20 of Count VI.

21.     As a direct and proximate result of the aforesaid, Samuel died.

22.     Samuel left his spouse, Peggy Barnhart and his children, Stacie Seidell, Amy Barnhart, and Samuel G. Barnhart, Jr. as his next of kin.

23.     Samuel's next of kin sustained injuries as a result of Samuel's death, including the loss of companionship and society.

24.     735 ILCS 5/2-622 does not apply to this cause, as Defendant Covenant Care, LLC, by its owners, officers, employees and agents, does not engage in the diagnosis of medical conditions and, as such, does not engage in the healing arts.

WHEREFORE, Plaintiff, Peggy Barnhart, Independent Administrator of the Estate of Samuel G. Barnhart, Sr., deceased, prays for judgment against defendant, Covenant Care, LLC, in a fair and just amount in excess of $50,000.00 and costs of suit.  Plaintiff demands trial by jury.

**COUNT VII**
**COMMON LAW SURVIVAL CLAIM AGAINST**
**CENTRE PARTNERS MANAGEMENT, LLC.**

Now comes Plaintiff, Peggy Barnhart, as Independent Administrator of the Estate of Samuel G. Barnhart, Sr., deceased, by her attorneys, Sutterfield Law Offices, P.C., and, for Count VII of her Complaint against Defendant, Centre Partners Management, LLC, states as follows:

1-10.   Plaintiff realleges paragraphs 2-11 of Count I as paragraphs 1-10 of Count VII.

11.    At all times relevant hereto, Defendant Centre Partners Management, LLC ("Centre") is an investment partner with Covenant Care's Senior Management in Covenant Care, LLC and Covenant Care, Inc.

12.    At all times relevant hereto, Defendant Centre owned, controlled and managed Cedar Ridge through its relationship with Covenant Care, LLC and Covenant Care, Inc.

13.    At all times relevant hereto, Defendant Centre controlled and directly participated in the operation, planning, management, and quality control of Cedar Ridge, including but not limited to: the budget; the hiring and retention of the Administrator and the Director of Nursing; the level of nursing staff; training of nursing staff; resident census goals; creation and implementation of policies and procedures used by Cedar Ridge; the entity providing therapy services at the facility; the pharmacy that provided medicines to the residents at the facility; the contents of the resident contract; the consultants that the facility would use in its operation; the outside contractors the facility would use in its operation; marketing; quality assessment; and the facility's compliance with applicable State of Illinois and federal regulations governing the operation of nursing homes; and financial, tax and accounting control.

14.   At all times relevant hereto, Defendant Centre, by its officers and agents, knew there was in full force and effect a statute known as the Nursing Home Care Act, as amended, 210 ILCS 45/1-101 et seq., ("Act") that governed the operation of Cedar Ridge.

15.   At all times relevant hereto, Defendant Centre, by its officers and agents, knew that Cedar Ridge, by its officers, administrator, and agents, had the duty to refrain from neglecting Samuel pursuant to § 2-107 of the Act.

16.   At all times relevant hereto, Defendant Centre, by its officers and agents, knew that the failure of Cedar Ridge to have sufficient numbers of nursing staff to provide nursing and related services to attain and maintain the highest practicable physical, mental, and psychosocial well-being of each resident, as determined by resident assessments and individual plans of care, would cause the neglect of residents at Cedar Ridge, as that term is defined at § 1-117 of the Act.

17.   At all times relevant hereto, Defendant Centre, by its officers and agents, knew that the failure of Cedar Ridge to have sufficiently qualified nursing staff to meet the needs of its residents would cause the neglect of residents at Cedar Ridge, as that term is defined at § 1-117 of the Act.

18.   At all times relevant hereto Defendant Centre, had the duty to exercise the standard of skill and care ordinarily used by a reasonably well-qualified management company of a long-term residential care facility.

19. During the course of Samuel's residency at Cedar Ridge, Defendant Centre LLC, through its employees and agents, violated its duty to Samuel by committing the following act or omissions:

   a. Defendant failed to provide the budget resources to enable Cedar Ridge to have sufficient numbers of nursing staff to provide nursing and related services to monitor and accurately record Samuel's PT and INR.

   b. Defendant failed to provide the budget resources to enable Cedar Ridge to have adequately trained nursing staff to understand and follow physician orders related to the administration and monitoring of Coumadin to Samuel.

   c. Defendant failed to provide the budget resources to enable Cedar Ridge to have adequately trained staff to understand PT and INR labs so as to timely report abnormally high results to Samuel's physician.

   d. Defendant encouraged Cedar Ridge to maintain a resident census that Defendant knew or should have known was in excess of the nursing staff's ability to meet its duty to provide adequate medical or personal care or maintenance to its residents.

   e. Defendant encouraged Cedar Ridge to admit residents who had care needs that exceeded the skill and training of it nurses.

20. As a direct and proximate result of Defendant's violation of its duty aforesaid, Samuel sustained the following injuries:

   a. Samuel became coagulopathic and developed massive rectal bleeding, lapsed to hypovolemic shock, and developed cardiac arrest.

21. As a direct and proximate result of the aforesaid, Samuel suffered serious injuries of a personal and pecuniary nature, including but not limited to great pain and suffering, emotional distress, and medical expenses.

22. Samuel sustained pecuniary losses and damages prior to his death as a result of the foregoing statutory violations for which he would have been entitled to bring an action had he survived and this right of action survives him.

23. 735 ILCS 5/2-622 does not apply to this cause, as Defendant Centre Partners Management, LLC, does not engage in the diagnosis of medical conditions and, as such, does not engage in the healing arts.

24. Peggy Barnhart, Independent Administrator of the Estate of Samuel G. Barnhart, Sr., deceased, brings this action for Samuel under the provisions of 755 ILCS 5/27-6, known as the Illinois Survival Statute.

WHEREFORE, Plaintiff, Peggy Barnhart, Independent Administrator of the Estate of Samuel G. Barnhart, Sr., deceased, prays for judgment against Defendant, Centre Partners Management, LLC, in a fair and just amount in excess of $50,000.00, and costs of suit.  Plaintiff demands trial by jury.

## COUNT VIII
## WRONGFUL DEATH CLAIM AGAINST
## CENTRE PARTNERS MANAGEMENT, LLC

Now comes Plaintiff, Peggy Barnhart, as Independent Administrator of the Estate of Samuel G. Barnhart, Sr., deceased, by her attorneys, Sutterfield Law Offices, P.C., and, for Count VIII of her Complaint against Defendant, Centre Partners Management, LLC, states as follows:

1.  This action is brought pursuant to 740 ILCS 180/1, et seq., commonly known as the "Wrongful Death Act."

2-20.  Plaintiff realleges paragraphs 1-19 of Count VII as paragraphs 2-20 of Count VIII.

21.  As a direct and proximate result of the aforesaid, Samuel died.

22.  Samuel left his spouse, Peggy Barnhart and his children, Stacie Seidell, Amy Barnhart, and Samuel G. Barnhart, Jr. as his next of kin.

23.  Samuel's next of kin sustained injuries as a result of Samuel's death, including the loss of companionship and society.

24.  735 ILCS 5/2-622 does not apply to this cause, as Defendant Covenant Care, LLC, by its owners, officers, employees and agents, does not engage in the diagnosis of medical conditions and, as such, does not engage in the healing arts.

WHEREFORE, Plaintiff, Peggy Barnhart, Independent Administrator of the Estate of Samuel G. Barnhart, Sr., deceased, prays for judgment against defendant, Covenant Care, LLC, in a fair and just amount in excess of $50,000.00 and costs of suit. Plaintiff demands trial by jury.

### COUNT XI
### COMMON LAW SURVIVAL CLAIM AGAINST
### COVENANT CARE'S SENIOR MANAGEMENT

Now comes Plaintiff, Peggy Barnhart, as Independent Administrator of the Estate of Samuel G. Barnhart, Sr., deceased, by her attorneys, Sutterfield Law Offices, P.C., and, for Count XI of her Complaint against Defendant, Covenant Care's Senior Management, states as follows:

1-10.   Plaintiff realleges paragraphs 2-11 of Count I as paragraphs 1-10 of Count XI.

11.   At all times relevant hereto, Defendant Covenant Care's Senior Management ("Senior Management"), LLC is an investment partner with Centre Partners Management, LLC in Covenant Care, LLC and Covenant Care, Inc.

12.   At all times relevant hereto, Defendant Senior Management is owned and controlled by the senior executives of Covenant Care, LLC and Covenant Care, Inc.

13.   At all times relevant hereto, Defendant Senior Management owned, controlled and managed Cedar Ridge through its relationship with Covenant Care, LLC and Covenant Care, Inc.

14.   At all times relevant hereto, Defendant Senior Managment controlled and directly participated in the operation, planning, management, and quality control of Cedar Ridge, including but not limited to: the budget; the hiring and retention of the Administrator and the Director of Nursing; the level of nursing staff; training of nursing staff; resident census goals; creation and implementation of policies and procedures used by Cedar Ridge; the entity providing therapy services at the facility; the pharmacy that provided medicines to the residents at the facility; the contents of the resident contract; the consultants that the facility would use in its operation; the outside contractors the facility would use in its operation; marketing; quality assessment; and the facility's compliance with applicable State of Illinois and federal regulations governing the operation of nursing homes; and financial, tax and accounting control.

15.   At all times relevant hereto, Defendant Senior Management, by its officers and agents, knew there was in full force and effect a statute known as the Nursing Home Care Act, as amended, 210 ILCS 45/1-101 et seq., ("Act") that governed the operation of Cedar Ridge.

16.   At all times relevant hereto, Defendant Senior Management, by its officers and agents, knew that Cedar Ridge, by its officers, administrator, and agents, had the duty to refrain from neglecting Samuel pursuant to § 2-107 of the Act.

17.   At all times relevant hereto, Defendant Senior Management, by its officers and agents, knew that the failure of Cedar Ridge to have sufficient numbers of nursing staff to provide nursing and related services to attain and maintain the highest practicable physical, mental, and psychosocial well-being of each resident, as determined by resident assessments and individual plans of care, would cause the neglect of residents at Cedar Ridge, as that term is defined at § 1-117 of the Act.

18.   At all times relevant hereto, Defendant Senior Management, by its officers and agents, knew that the failure of Cedar Ridge to have sufficiently qualified nursing staff to meet the needs of its residents would cause the neglect of residents at Cedar Ridge, as that term is defined at § 1-117 of the Act.

19.   At all times relevant hereto Defendant Senior Management, had the duty to exercise the standard of skill and care ordinarily used by a reasonably well-qualified management company of a long-term residential care facility.

20. During the course of Samuel's residency at Cedar Ridge, Defendant Senior Management LLC, through its employees and agents, violated its duty to Samuel by committing the following act or omissions:

   a. Defendant failed to provide the budget resources to enable Cedar Ridge to have sufficient numbers of nursing staff to provide nursing and related services to monitor and accurately record Samuel's PT and INR.

   b. Defendant failed to provide the budget resources to enable Cedar Ridge to have adequately trained nursing staff to understand and follow physician orders related to the administration and monitoring of Coumadin to Samuel.

   c. Defendant failed to provide the budget resources to enable Cedar Ridge to have adequately trained staff to understand PT and INR labs so as to timely report abnormally high results to Samuel's physician.

   d. Defendant encouraged Cedar Ridge to maintain a resident census that Defendant knew or should have known was in excess of the nursing staff's ability to meet its duty to provide adequate medical or personal care or maintenance to its residents.

   e. Defendant encouraged Cedar Ridge to admit residents who had care needs that exceeded the skill and training of it nurses.

21. As a direct and proximate result of Defendant's violation of its duty aforesaid, Samuel sustained the following injuries:

   a. Samuel became coagulopathic and developed massive rectal bleeding, lapsed to hypovolemic shock, and developed cardiac arrest.

22.   As a direct and proximate result of the aforesaid, Samuel suffered serious injuries of a personal and pecuniary nature, including but not limited to great pain and suffering, emotional distress, and medical expenses.

23.   Samuel sustained pecuniary losses and damages prior to his death as a result of the foregoing statutory violations for which he would have been entitled to bring an action had he survived and this right of action survives him.

24.   735 ILCS 5/2-622 does not apply to this cause, as Defendant Senior Management does not engage in the diagnosis of medical conditions and, as such, does not engage in the healing arts.

25.   Peggy Barnhart, Independent Administrator of the Estate of Samuel G. Barnhart, Sr., deceased, brings this action for Samuel under the provisions of 755 ILCS 5/27-6, known as the Illinois Survival Statute.

WHEREFORE, Plaintiff, Peggy Barnhart, Independent Administrator of the Estate of Samuel G. Barnhart, Sr., deceased, prays for judgment against Defendant, Covenant Care's Senior Management, in a fair and just amount in excess of $50,000.00, and costs of suit. Plaintiff demands trial by jury.

## COUNT X
## WRONGFUL DEATH CLAIM AGAINST
## COVENANT CARE'S SENIOR MANAGEMENT

Now comes Plaintiff, Peggy Barnhart, as Independent Administrator of the Estate of Samuel G. Barnhart, Sr., deceased, by her attorneys, Sutterfield Law Offices, P.C., and, for Count X of her Complaint against Defendant, Covenant Care's Senior Management, states as follows:

1.   This action is brought pursuant to 740 ILCS 180/1, et seq., commonly known as the "Wrongful Death Act."

2-21.   Plaintiff realleges paragraphs 1-20 of Count VII as paragraphs 2-21 of Count VIII.

22.   As a direct and proximate result of the aforesaid, Samuel died.

23.   Samuel left his spouse, Peggy Barnhart and his children, Stacie Seidell, Amy Barnhart, and Samuel G. Barnhart, Jr. as his next of kin.

24.   Samuel's next of kin sustained injuries as a result of Samuel's death, including the loss of companionship and society.

25.   735 ILCS 5/2-622 does not apply to this cause, as Defendant Senior Management, by its owners, officers, employees and agents, does not engage in the diagnosis of medical conditions and, as such, does not engage in the healing arts.

WHEREFORE, Plaintiff, Peggy Barnhart, Independent Administrator of the Estate of Samuel G. Barnhart, Sr., deceased, prays for judgment against Defendant, Senior Care's Management, in a fair and just amount in excess of $50,000.00 and costs of suit. Plaintiff demands trial by jury.

## COUNT XI
### COMMON LAW SURVIVAL CLAIM AGAINST
### COVENANT CARE CALIFORNIA, INC.

Now comes Plaintiff, Peggy Barnhart, as Independent Administrator of the Estate of Samuel G. Barnhart, Sr., deceased, by her attorneys, Sutterfield Law Offices, P.C., and, for Count XI of her Complaint against Defendant, Covenant Care California, Inc., states as follows:

1-10.  Plaintiff realleges paragraphs 2-11 of Count I as paragraphs 1-10 of Count XI.

11.  At all times relevant hereto, Covenant Care, Inc. represents itself as Defendant Covenant Care California, Inc.

12.  At all times relevant hereto, Defendant Covenant Care California, Inc. owned, controlled, and managed Cedar Ridge.

13.  At all times relevant hereto, Defendant Covenant Care California, Inc. controlled and directly participated in the operation, planning, management, and quality control of Cedar Ridge, including but not limited to: the budget; the hiring and retention of the Administrator and the Director of Nursing; the level of nursing staff; training of nursing staff; resident census goals; creation and implementation of policies and procedures used by Cedar Ridge; the entity providing therapy services at the facility; the pharmacy that provided medicines to the residents at the facility; the contents of the resident contract; the consultants that the facility would use in its operation; the outside contractors the facility would use in its operation; marketing; quality assessment; and the facility's compliance with applicable State of Illinois and federal regulations governing the operation of nursing homes; and financial, tax and accounting control.

14.  At all times relevant hereto, Defendant Covenant Care California, Inc., by its officers and agents, knew there was in full force and effect a statute known as the Nursing Home Care Act, as amended, 210 ILCS 45/1-101 et seq., ("Act") that governed the operation of Cedar Ridge.