15. At all times relevant hereto, Defendant Covenant Care California, Inc., by its officers and agents, knew that Cedar Ridge, by its officers, administrator, and agents, had the duty to refrain from neglecting Samuel pursuant to § 2-107 of the Act.

16. At all times relevant hereto, Defendant Covenant Care California, Inc., by its officers and agents, knew that the failure of Cedar Ridge to have sufficient numbers of nursing staff to provide nursing and related services to attain and maintain the highest practicable physical, mental, and psychosocial well-being of each resident, as determined by resident assessments and individual plans of care, would cause the neglect of residents at Cedar Ridge, as that term is defined at § 1-117 of the Act.

17. At all times relevant hereto, Defendant Covenant Care California, Inc., by its officers and agents, knew that the failure of Cedar Ridge to have sufficiently qualified nursing staff to meet the needs of its residents would cause the neglect of residents at Cedar Ridge, as that term is defined at § 1-117 of the Act.

18. At all times relevant hereto Defendant Covenant Care California, Inc., had the duty to exercise the standard of skill and care ordinarily used by a reasonably well-qualified management company of a long-term residential care facility.

19. During the course of Samuel's residency at Cedar Ridge, Defendant Covenant Care California, Inc., through its employees and agents, violated its duty to Samuel by committing the following act or omissions:

a. Defendant failed to provide the budget resources to enable Cedar Ridge to have sufficient numbers of nursing staff to provide nursing and related services to monitor and accurately record Samuel's PT and INR.

b. Defendant failed to provide the budget resources to enable Cedar Ridge to have adequately trained nursing staff to understand and follow physician orders related to the administration and monitoring of Coumadin to Samuel.

c. Defendant failed to provide the budget resources to enable Cedar Ridge to have adequately trained staff to understand PT and INR labs so as to timely report abnormally high results to Samuel's physician.

d. Defendant encouraged Cedar Ridge to maintain a resident census that Defendant knew or should have known was in excess of the nursing staff's ability to meet its duty to provide adequate medical or personal care or maintenance to its residents.

e. Defendant encouraged Cedar Ridge to admit residents who had care needs that exceeded the skill and training of it nurses.

20. As a direct and proximate result of Defendant's violation of its duty aforesaid, Samuel sustained the following injuries:

a. Samuel became coagulopathic and developed massive rectal bleeding, lapsed to hypovolemic shock, and developed cardiac arrest.

21. As a direct and proximate result of the aforesaid, Samuel suffered serious injuries of a personal and pecuniary nature, including but not limited to great pain and suffering, emotional distress, and medical expenses.

22. Samuel sustained pecuniary losses and damages prior to his death as a result of the foregoing statutory violations for which he would have been entitled to bring an action had he survived and this right of action survives him.

23. 735 ILCS 5/2-622 does not apply to this cause, as Defendant Covenant Care California, Inc., does not engage in the diagnosis of medical conditions and, as such, does not engage in the healing arts.

24. Peggy Barnhart, Independent Administrator of the Estate of Samuel G. Barnhart, Sr., deceased, brings this action for Samuel under the provisions of 755 ILCS 5/27-6, known as the Illinois Survival Statute.

WHEREFORE, Plaintiff, Peggy Barnhart, Independent Administrator of the Estate of Samuel G. Barnhart, Sr., deceased, prays for judgment against Defendant, Covenant Care California, Inc., in a fair and just amount in excess of $50,000.00, and costs of suit. Plaintiff demands trial by jury.

## COUNT XII
### WRONGFUL DEATH CLAIM AGAINST COVENANT CARE CALIFORNIA, INC.

Now comes Plaintiff, Peggy Barnhart, as Independent Administrator of the Estate of Samuel G. Barnhart, Sr., deceased, by her attorneys, Sutterfield Law Offices, P.C., and, for Count XII of her Complaint against Defendant, Covenant Care California, Inc., states as follows:

1. This action is brought pursuant to 740 ILCS 180/1, et seq., commonly known as the "Wrongful Death Act."

2-21. Plaintiff realleges paragraphs 1-20 of Count XI as paragraphs 2-21 of Count XII.

22. As a direct and proximate result of the aforesaid, Samuel died.

23. Samuel left his spouse, Peggy Barnhart and his children, Stacie Seidell, Amy Barnhart, and Samuel G. Barnhart, Jr. as his next of kin.

24. Samuel's next of kin sustained injuries as a result of Samuel's death, including the loss of companionship and society.

25. 735 ILCS 5/2-622 does not apply to this cause, as Defendant Covenant Care California, Inc., by its owners, officers, employees and agents, does not engage in the diagnosis of medical conditions and, as such, does not engage in the healing arts.

WHEREFORE, Plaintiff, Peggy Barnhart, Independent Administrator of the Estate of Samuel G. Barnhart, Sr., deceased, prays for judgment against defendant, Covenant Care California, Inc., in a fair and just amount in excess of $50,000.00 and costs of suit. Plaintiff demands trial by jury.

### COUNT XIII
### COMMON LAW SURVIVAL CLAIM AGAINST
### COVENANT CARE CALIFORNIA, LLC.

Now comes Plaintiff, Peggy Barnhart, as Independent Administrator of the Estate of Samuel G. Barnhart, Sr., deceased, by her attorneys, Sutterfield Law Offices, P.C., and, for Count XIII of her Complaint against Defendant, Covenant Care California, LLC, states as follows:

1-10. Plaintiff realleges paragraphs 2-11 of Count I as paragraphs 1-10 of Count XIII.

11. At all times relevant hereto, Covenant Care, Inc. represents itself as Defendant Covenant Care California, Inc.

12. At all times relevant hereto, Defendant Covenant Care California, LLC, owned, controlled and managed Cedar Ridge.

13. At all times relevant hereto, Defendant Covenant Care California, LLC controlled and directly participated in the operation, planning, management, and quality control of Cedar Ridge, including but not limited to: the budget; the hiring and retention of the Administrator and the Director of Nursing; the level of nursing staff; training of nursing staff; resident census goals; creation and implementation of policies and procedures used by Cedar Ridge; the entity providing therapy services at the facility; the pharmacy that provided medicines to the residents at the facility; the contents of the resident contract; the consultants that the facility would use in its operation; the outside contractors the facility would use in its operation; marketing; quality assessment; and the facility's compliance with applicable State of Illinois and federal regulations governing the operation of nursing homes; and financial, tax and accounting control.

14. At all times relevant hereto, Defendant Covenant Care California, LLC, by its officers and agents, knew there was in full force and effect a statute known as the Nursing Home Care Act, as amended, 210 ILCS 45/1-101 et seq., ("Act") that governed the operation of Cedar Ridge.

15. At all times relevant hereto, Defendant Covenant Care California, LLC, by its officers and agents, knew that Cedar Ridge, by its officers, administrator, and agents, had the duty to refrain from neglecting Samuel pursuant to § 2-107 of the Act.

16. At all times relevant hereto, Defendant Covenant Care California, LLC, by its officers and agents, knew that the failure of Cedar Ridge to have sufficient numbers of nursing staff to provide nursing and related services to attain and maintain the highest practicable physical, mental, and psychosocial well-being of each resident, as determined by resident assessments and individual plans of care, would cause the neglect of residents at Cedar Ridge, as that term is defined at § 1-117 of the Act.

17. At all times relevant hereto, Defendant Covenant Care California, LLC, by its officers and agents, knew that the failure of Cedar Ridge to have sufficiently qualified nursing staff to meet the needs of its residents would cause the neglect of residents at Cedar Ridge, as that term is defined at § 1-117 of the Act.

18. At all times relevant hereto Defendant Covenant Care California, LLC, had the duty to exercise the standard of skill and care ordinarily used by a reasonably well-qualified management company of a long-term residential care facility.

19. During the course of Samuel's residency at Cedar Ridge, Defendant Covenant Care California, LLC, through its employees and agents, violated its duty to Samuel by committing the following act or omissions:

    a. Defendant failed to provide the budget resources to enable Cedar Ridge to have sufficient numbers of nursing staff to provide nursing and related services to monitor and accurately record Samuel's PT and INR.

b. Defendant failed to provide the budget resources to enable Cedar Ridge to have adequately trained nursing staff to understand and follow physician orders related to the administration and monitoring of Coumadin to Samuel.

c. Defendant failed to provide the budget resources to enable Cedar Ridge to have adequately trained staff to understand PT and INR labs so as to timely report abnormally high results to Samuel's physician.

d. Defendant encouraged Cedar Ridge to maintain a resident census that Defendant knew or should have known was in excess of the nursing staff's ability to meet its duty to provide adequate medical or personal care or maintenance to its residents.

e. Defendant encouraged Cedar Ridge to admit residents who had care needs that exceeded the skill and training of it nurses.

20. As a direct and proximate result of Defendant's violation of its duty aforesaid, Samuel sustained the following injuries:

a. Samuel became coagulopathic and developed massive rectal bleeding, lapsed to hypovolemic shock, and developed cardiac arrest.

21. As a direct and proximate result of the aforesaid, Samuel suffered serious injuries of a personal and pecuniary nature, including but not limited to great pain and suffering, emotional distress, and medical expenses.

22. Samuel sustained pecuniary losses and damages prior to his death as a result of the foregoing statutory violations for which he would have been entitled to bring an action had he survived and this right of action survives him.

23. 735 ILCS 5/2-622 does not apply to this cause, as Defendant Covenant Care California, LLC, does not engage in the diagnosis of medical conditions and, as such, does not engage in the healing arts.

24. Peggy Barnhart, Independent Administrator of the Estate of Samuel G. Barnhart, Sr., deceased, brings this action for Samuel under the provisions of 755 ILCS 5/27-6, known as the Illinois Survival Statute.

WHEREFORE, Plaintiff, Peggy Barnhart, Independent Administrator of the Estate of Samuel G. Barnhart, Sr., deceased, prays for judgment against Defendant, Covenant Care California, LLC, in a fair and just amount in excess of $50,000.00, and costs of suit. Plaintiff demands trial by jury.

## COUNT XIV
### WRONGFUL DEATH CLAIM AGAINST COVENANT CARE CALIFORNIA, LLC

Now comes Plaintiff, Peggy Barnhart, as Independent Administrator of the Estate of Samuel G. Barnhart, Sr., deceased, by her attorneys, Sutterfield Law Offices, P.C., and, for Count XIV of her Complaint against Defendant, Covenant Care California, LLC, states as follows:

1. This action is brought pursuant to 740 ILCS 180/1, et seq., commonly known as the "Wrongful Death Act."

2-21. Plaintiff realleges paragraphs 1-20 of Count XIII as paragraphs 2-21 of Count XIV.

22. As a direct and proximate result of the aforesaid, Samuel died.

23. Samuel left his spouse, Peggy Barnhart and his children, Stacie Seidell, Amy Barnhart, and Samuel G. Barnhart, Jr. as his next of kin.

24. Samuel's next of kin sustained injuries as a result of Samuel's death, including the loss of companionship and society.

25. 735 ILCS 5/2-622 does not apply to this cause, as Defendant Covenant Care California, LLC, by its owners, officers, employees and agents, does not engage in the diagnosis of medical conditions and, as such, does not engage in the healing arts.

WHEREFORE, Plaintiff, Peggy Barnhart, Independent Administrator of the Estate of Samuel G. Barnhart, Sr., deceased, prays for judgment against Defendant, Covenant Care California, LLC, in a fair and just amount in excess of $50,000.00 and costs of suit. Plaintiff demands trial by jury.

**COUNT XV**
**SURVIVAL ACTION AGAINT**
**ROBERT LEVIN**

Now comes Plaintiff, Peggy Barnhart, as Independent Administrator of the Estate of Samuel G. Barnhart, Sr., deceased, by her attorneys, Sutterfield Law Offices, P.C., and, for Count XV of her Complaint against Defendant, Covenant Care California, LLC, states as follows:

1-10. Plaintiff realleges paragraphs 2-11 of Count I as paragraphs 1-10 of Count XV.

11. At all times relevant hereto, Defendant Robert Levin is an owner of Cedar Ridge.

12. At all times relevant hereto, Defendant Robert Levin is an officer of Cedar Ridge.

13. At all times relevant hereto. Defendant Robert Levin is a member of the governing board of Cedar Ridge.

14. At all times relevant hereto, Defendant Robert Levin had input, influence, and control upon the governing board of Cedar Ridge.

15. At all times relevant hereto, Defendant Robert Levin is an owner and officer of any entity serving as the governing board of Cedar Ridge.

16. At all times relevant hereto, Robert Levin is an officer of, owner of, investor in, or engaged in a joint enterprise with the following entities, partnerships or enterprises:

    a. Covenant Care Midwest, Inc;

    b. Covenant Care, Inc.;

    c. Covenant Care, LLC;

    d. Covenant Care's Senior Management;

    e. Covenant Care California, Inc.;

    f. Covenant Care California, LLC

    g. Select Therapies;

    h. Centre Partners Management, LLC;

    i. The ownership of the facility grounds and building of Cedar Ridge with Wentz Health Care, Inc.; and

    j. The ownership of the facility grounds and building of Cedar Ridge with Scheffel & Company, P.C.

17. At all times relevant hereto, Defendant Robert Levin controlled and directly participated in the operation, planning, management, and quality control of

Cedar Ridge, including but not limited to: the budget; the hiring and retention of the Administrator and the Director of Nursing; the level of nursing staff; training of nursing staff; resident census goals; creation and implementation of policies and procedures used by Cedar Ridge; the entity providing therapy services at the facility; the pharmacy that provided medicines to the residents at the facility; the contents of the resident contract; the consultants that the facility would use in its operation; the outside contractors the facility would use in its operation; marketing; quality assessment; and the facility's compliance with applicable State of Illinois and federal regulations governing the operation of nursing homes; and financial, tax and accounting control.

24. At all times relevant hereto, Defendant Robert Levin knew there was in full force and effect a statute known as the Nursing Home Care Act, as amended, 210 ILCS 45/1-101 et seq., ("Act") that governed the operation of Cedar Ridge.

25. At all times relevant hereto, Defendant Robert Levin, knew that Cedar Ridge, by its officers, administrator, and agents, had the duty to refrain from neglecting Samuel pursuant to § 2-107 of the Act.

26. At all times relevant hereto, Defendant Robert Levin knew that the failure of Cedar Ridge to have sufficient numbers of nursing staff to provide nursing and related services to attain and maintain the highest practicable physical, mental, and psychosocial well-being of each resident, as determined by resident assessments and individual plans of care, would cause the neglect of residents at Cedar Ridge, as that term is defined at § 1-117 of the Act.

27. At all times relevant hereto, Defendant Robert Levin, knew that the failure of Cedar Ridge to have sufficiently qualified nursing staff to meet the needs of its residents would cause the neglect of residents at Cedar Ridge, as that term is defined at § 1-117 of the Act.

28. At all times relevant hereto, Defendant Robert Levin knew, as a member of the governing board, as an officer of Cedar Ridge and his expertise in the operation of licensed nursing homes, that Cedar Ridge was subject to the provisions of the federal nursing home statutes 42 U.S.C. § 1395i-3, *et seq.*, as amended, and 42 U.S.C. § 1396r *et seq.*, as amended ("OBRA statutes"), and the regulations promulgated thereunder.

29. At all times relevant hereto, Defendant Robert Levin knew, as a member of the governing board, as an officer of Cedar Ridge and his expertise in the operation of licensed nursing homes, that the OBRA statutes and regulations impose the duty on members of the governing board of Cedar Ridge to administer Cedar Ridge in a manner that enables it to use its resources effectively and efficiently to attain or maintain the highest practicable physical, mental, and psychological well-being of each resident.

30. At all times relevant hereto Defendant Robert Levin had the duty to exercise the standard of skill and care ordinarily used by a reasonably well-qualified governing board member of a long-term residential care facility.

31. During the course of Samuel's residency at Cedar Ridge, Defendant Robert Levin violated his duty to Samuel by committing the following act or omissions:

a. Defendant failed to provide the budget resources to enable Cedar Ridge to have sufficient numbers of nursing staff to provide nursing and related services to monitor and accurately record Samuel's PT and INR.

b. Defendant failed to provide the budget resources to enable Cedar Ridge to have adequately trained nursing staff to understand and follow physician orders related to the administration and monitoring of Coumadin to Samuel.

c. Defendant failed to provide the budget resources to enable Cedar Ridge to have adequately trained staff to understand PT and INR labs so as to timely report abnormally high results to Samuel's physician.

d. Defendant encouraged Cedar Ridge to maintain a resident census that Defendant knew or should have known was in excess of the nursing staff's ability to meet its duty to provide adequate medical or personal care or maintenance to its residents.

e. Defendant encouraged Cedar Ridge to admit residents who had care needs that exceeded the skill and training of it nurses.

32. As a direct and proximate result of Defendant's violation of its duty aforesaid, Samuel sustained the following injuries:

a. Samuel became coagulopathic and developed massive rectal bleeding, lapsed to hypovolemic shock, and developed cardiac arrest.

33. As a direct and proximate result of the aforesaid, Samuel suffered serious injuries of a personal and pecuniary nature, including but not limited to great pain and suffering, emotional distress, and medical expenses.

34. Samuel sustained pecuniary losses and damages prior to his death as a result of the foregoing statutory violations for which he would have been entitled to bring an action had he survived and this right of action survives him.

35. 735 ILCS 5/2-622 does not apply to this cause, as Defendant Robert Levin does not engage in the diagnosis of medical conditions and, as such, does not engage in the healing arts.

36. Peggy Barnhart, Independent Administrator of the Estate of Samuel G. Barnhart, Sr., deceased, brings this action for Samuel under the provisions of 755 ILCS 5/27-6, known as the Illinois Survival Statute.

WHEREFORE, Plaintiff, Peggy Barnhart, Independent Administrator of the Estate of Samuel G. Barnhart, Sr., deceased, prays for judgment against Defendant, Robert Levin, in a fair and just amount in excess of $50,000.00, and costs of suit. Plaintiff demands trial by jury.

**COUNT XVI**
**WRONGFUL DEATH ACTION**
**AGAINST ROBERT LEVIN**

Now comes Plaintiff, Peggy Barnhart, as Independent Administrator of the Estate of Samuel G. Barnhart, Sr., deceased, by her attorneys, Sutterfield Law Offices, P.C., and, for Count XVI of her Complaint against Defendant, Robert Levin, states as follows:

1. This action is brought pursuant to 740 ILCS 180/1, et seq., commonly known as the "Wrongful Death Act."

2-31. Plaintiff realleges paragraphs 1-30 of Count XV as paragraphs 2-31 of Count XVI.

32. As a direct and proximate result of the aforesaid, Samuel died.

33. Samuel left his spouse, Peggy Barnhart and his children, Stacie Seidell, Amy Barnhart, and Samuel G. Barnhart, Jr. as his next of kin.

34. Samuel's next of kin sustained injuries as a result of Samuel's death, including the loss of companionship and society.

35. 735 ILCS 5/2-622 does not apply to this cause, as Defendant Robert Levin does not engage in the diagnosis of medical conditions and, as such, does not engage in the healing arts.

WHEREFORE, Plaintiff, Peggy Barnhart, Independent Administrator of the Estate of Samuel G. Barnhart, Sr., deceased, prays for judgment against Defendant, Robert Levin, in a fair and just amount in excess of $50,000.00 and costs of suit. Plaintiff demands trial by jury.

## COUNT XVII
## SURVIVAL ACTION AGAINST
## ANDREW F. TOROK

Now comes Plaintiff, Peggy Barnhart, as Independent Administrator of the Estate of Samuel G. Barnhart, Sr., deceased, by her attorneys, Sutterfield Law Offices, P.C., and, for Count XVII of her Complaint against Defendant, Andrew F. Torok, states as follows:

1-10. Plaintiff realleges paragraphs 2-11 of Count I as paragraphs 1-10 of Count XVII.

17. At all times relevant hereto, Defendant Andrew F. Torok is an owner of Cedar Ridge.

18. At all times relevant hereto, Defendant Andrew F. Torok is an officer of Cedar Ridge.

19. At all times relevant hereto, Defendant Andrew F. Torok is a member of the governing board of Cedar Ridge.

20. At all times relevant hereto, Defendant Andrew F. Torok had input, influence, and control upon the governing board of Cedar Ridge.

21. At all times relevant hereto, Defendant Andrew F. Torok is an owner and officer of any entity serving as the governing board of Cedar Ridge.

22. At all times relevant hereto, Andrew F. Torok is an officer of, owner of, investor in, or engaged in a joint enterprise with the following entities, partnerships or enterprises:

   a. Covenant Care Midwest, Inc;

   b. Covenant Care, Inc.;

   c. Covenant Care, LLC;

   d. Covenant Care's Senior Management;

   e. Covenant Care California, Inc.;

   f. Covenant Care California, LLC

   g. Select Therapies;

   h. Centre Partners Management, LLC;

   i. The ownership of the facility grounds and building of Cedar Ridge with Wentz Health Care, Inc.; and

   j. The ownership of the facility grounds and building of Cedar Ridge with Scheffel & Company, P.C.

18. At all times relevant hereto, Defendant Andrew F. Torok controlled and directly participated in the operation, planning, management, and quality

control of Cedar Ridge, including but not limited to: the budget; the hiring and retention of the Administrator and the Director of Nursing; the level of nursing staff; training of nursing staff; resident census goals; creation and implementation of policies and procedures used by Cedar Ridge; the entity providing therapy services at the facility; the pharmacy that provided medicines to the residents at the facility; the contents of the resident contract; the consultants that the facility would use in its operation; the outside contractors the facility would use in its operation; marketing; quality assessment; and the facility's compliance with applicable State of Illinois and federal regulations governing the operation of nursing homes; and financial, tax and accounting control.

37.     At all times relevant hereto, Defendant Andrew F. Torok knew there was in full force and effect a statute known as the Nursing Home Care Act, as amended, 210 ILCS 45/1-101 et seq., ("Act") that governed the operation of Cedar Ridge.

38.     At all times relevant hereto, Defendant Andrew F. Torok, knew that Cedar Ridge, by its officers, administrator, and agents, had the duty to refrain from neglecting Samuel pursuant to § 2-107 of the Act.

39.     At all times relevant hereto, Defendant Andrew F. Torok knew that the failure of Cedar Ridge to have sufficient numbers of nursing staff to provide nursing and related services to attain and maintain the highest practicable physical, mental, and psychosocial well-being of each resident, as determined by

resident assessments and individual plans of care, would cause the neglect of residents at Cedar Ridge, as that term is defined at § 1-117 of the Act.

40. At all times relevant hereto, Defendant Andrew F. Torok, knew that the failure of Cedar Ridge to have sufficiently qualified nursing staff to meet the needs of its residents would cause the neglect of residents at Cedar Ridge, as that term is defined at § 1-117 of the Act.

41. At all times relevant hereto, Defendant Andrew F. Torok knew, as a member of the governing board, as an officer of Cedar Ridge and his expertise in the operation of licensed nursing homes, that Cedar Ridge was subject to the provisions of the federal nursing home statutes 42 U.S.C. § 1395i-3, *et seq.*, as amended, and 42 U.S.C. § 1396r *et seq.*, as amended ("OBRA statutes"), and the regulations promulgated thereunder.

42. At all times relevant hereto, Defendant Andrew F. Torok knew, as a member of the governing board, as an officer of Cedar Ridge and his expertise in the operation of licensed nursing homes, that the OBRA statutes and regulations impose the duty on members of the governing board of Cedar Ridge to administer Cedar Ridge in a manner that enables it to use its resources effectively and efficiently to attain or maintain the highest practicable physical, mental, and psychological well-being of each resident.

43. At all times relevant hereto Defendant Andrew F. Torok had the duty to exercise the standard of skill and care ordinarily used by a reasonably well-qualified governing board member of a long-term residential care facility.

44. During the course of Samuel's residency at Cedar Ridge, Defendant Andrew F. Torok violated his duty to Samuel by committing the following act or omissions:

   a. Defendant failed to provide the budget resources to enable Cedar Ridge to have sufficient numbers of nursing staff to provide nursing and related services to monitor and accurately record Samuel's PT and INR.

   b. Defendant failed to provide the budget resources to enable Cedar Ridge to have adequately trained nursing staff to understand and follow physician orders related to the administration and monitoring of Coumadin to Samuel.

   c. Defendant failed to provide the budget resources to enable Cedar Ridge to have adequately trained staff to understand PT and INR labs so as to timely report abnormally high results to Samuel's physician.

   d. Defendant encouraged Cedar Ridge to maintain a resident census that Defendant knew or should have known was in excess of the nursing staff's ability to meet its duty to provide adequate medical or personal care or maintenance to its residents.

   e. Defendant encouraged Cedar Ridge to admit residents who had care needs that exceeded the skill and training of it nurses.

45. As a direct and proximate result of Defendant's violation of its duty aforesaid, Samuel sustained the following injuries:

   a. Samuel became coagulopathic and developed massive rectal bleeding, lapsed to hypovolemic shock, and developed cardiac arrest.

46. As a direct and proximate result of the aforesaid, Samuel suffered serious injuries of a personal and pecuniary nature, including but not limited to great pain and suffering, emotional distress, and medical expenses.

47. Samuel sustained pecuniary losses and damages prior to his death as a result of the foregoing statutory violations for which he would have been entitled to bring an action had he survived and this right of action survives him.

48. 735 ILCS 5/2-622 does not apply to this cause, as Defendant Andrew F. Torok does not engage in the diagnosis of medical conditions and, as such, does not engage in the healing arts.

49. Peggy Barnhart, Independent Administrator of the Estate of Samuel G. Barnhart, Sr., deceased, brings this action for Samuel under the provisions of 755 ILCS 5/27-6, known as the Illinois Survival Statute.

WHEREFORE, Plaintiff, Peggy Barnhart, Independent Administrator of the Estate of Samuel G. Barnhart, Sr., deceased, prays for judgment against Defendant, Andrew F. Torok, in a fair and just amount in excess of $50,000.00, and costs of suit. Plaintiff demands trial by jury.

### COUNT XVI
### WRONGFUL DEATH ACTION
### AGAINST ANDREW F. TOROK

Now comes Plaintiff, Peggy Barnhart, as Independent Administrator of the Estate of Samuel G. Barnhart, Sr., deceased, by her attorneys, Sutterfield Law Offices, P.C., and, for Count XVIII of her Complaint against Defendant, Andrew F. Torok, states as follows:

1. This action is brought pursuant to 740 ILCS 180/1, et seq., commonly known as the "Wrongful Death Act."

2-31.   Plaintiff realleges paragraphs 1-30 of Count XVII as paragraphs 2-31 of Count XVIII.

32.   As a direct and proximate result of the aforesaid, Samuel died.

33.   Samuel left his spouse, Peggy Barnhart and his children, Stacie Seidell, Amy Barnhart, and Samuel G. Barnhart, Jr. as his next of kin.

34.   Samuel's next of kin sustained injuries as a result of Samuel's death, including the loss of companionship and society.

35.   735 ILCS 5/2-622 does not apply to this cause, as Defendant Andrew F. Torok does not engage in the diagnosis of medical conditions and, as such, does not engage in the healing arts.

WHEREFORE, Plaintiff, Peggy Barnhart, Independent Administrator of the Estate of Samuel G. Barnhart, Sr., deceased, prays for judgment against Defendant, Andrew F. Torok, in a fair and just amount in excess of $50,000.00 and costs of suit. Plaintiff demands trial by jury.

> Peggy Barnhart, Independent Administrator
> of the Estate of Samuel G. Barnhart, Sr.,
> deceased, Plaintiff,
>
> BY:
> David Sutterfield
> Attorney for Plaintiff
> ARDC # 03128497

David Sutterfield
Attorney at Law
Sutterfield Law Offices, P.C.
208 S. Second Street
P.O. Box 836
Effingham, IL 62401
(217) 342-3100

STATE OF ILLINOIS
IN THE CIRCUIT COURT
FOR THE TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

PEGGY BARNHART, Independent Administrator )
Of the Estate of Samuel G. Barnhart, Sr., deceased, )
)
Plaintiff, )
)
v. )          No. 2011-L- 0397
)
COVENANT CARE MIDWEST, INC., d/b/a )
CEDAR RIDGE HEALTH & REHAB CENTER, )
d/b/a FRIENDSHIP HOME and d/b/a HIGHLAND )
HEALTH CARE CENTER; )
COVENANT CARE, INC.; )
COVENANT CARE, LLC; )
CENTRE PARTNERS MANAGEMENT, LLC; )
COVENANT CARE'S SENIOR MANAGEMENT; )
COVENANT CARE CALIFORNIA, INC.; )
COVENANT CARE CALIFORNIA, LLC; )
ROBERT LEVIN; and )
ANDREW F. TOROK, )
)
Defendants. )

## AFFIDAVIT

Now comes David Sutterfield, one of Plaintiff's attorneys, and, being first duly sworn upon

oath, state that the damages sought exceed $50,000.00.

Further Affiant Sayeth Not.

DAVID SUTTERFIELD

Subscribed and sworn to before me this 8th day of _____ July _____, 2011.

NOTARY PUBLIC

"OFFICIAL SEAL"
RENAE BLAKE
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 9/27/11

1

DAVID SUTTERFIELD
Attorney at Law
SUTTERFIELD LAW OFFICES, PC
208 S. Second, P.O. Box 836
Effingham, IL 62401
(217) 342-3100

STATE OF ILLINOIS
IN THE CIRCUIT COURT
FOR THE TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

PEGGY BARNHART, Independent Administrator )
Of the Estate of Samuel G. Barnhart, Sr., deceased, )
                                        )
      Plaintiff, )
                                        )
     v. )      No. 2011-L- 0397
                                          )
COVENANT CARE MIDWEST, INC., d/b/a )
CEDAR RIDGE HEALTH & REHAB CENTER, )
d/b/a FRIENDSHIP HOME and d/b/a HIGHLAND )
HEALTH CARE CENTER; )
COVENANT CARE, INC.; )
COVENANT CARE, LLC; )
CENTRE PARTNERS MANAGEMENT, LLC; )
COVENANT CARE'S SENIOR MANAGEMENT; )
COVENANT CARE CALIFORNIA, INC.; )
COVENANT CARE CALIFORNIA, LLC; )
ROBERT LEVIN; and )
ANDREW F. TOROK, )
                                        )
      Defendants. )

FILED
ST. CLAIR COUNTY
JUL 0 8 2011
Michael A. [illegible]
CIRCUIT CLERK
98

## AFFIDAVIT

Now comes David Sutterfield, one of Plaintiff's Attorneys, and, being first duly sworn upon

oath, states as follows:

Plaintiff has not previously voluntarily dismissed an action based upon the same or

substantially the same acts, omissions, or occurrences and that the affiant has been unable to obtain a

consultation required by paragraph 1 of 735 ILCS 5/2-622 because the statute of limitations would

impair the action and the consultation required could not be obtained before the expiration of the

statute of limitations.

1

Further Affiant Sayeth Not.

DAVID SUTTERFIELD
One of Plaintiff's attorneys

Subscribed and sworn to before me this _8th_ day of _July_ , 2011.

NOTARY PUBLIC

"OFFICIAL SEAL"
RENAE BLAKE
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 9/27/11

David Sutterfield
Attorneys at Law
Sutterfield Law Offices, P.C.
208 S. Second
P.O. Box 836
Effingham, IL 62401
(217) 342-3100

**SUTTERFIELD LAW OFFICES, P.C.**
ATTORNEYS AT LAW
208 S. 2nd • P.O. BOX 836
EFFINGHAM, ILLINOIS 62401
Phone: (217) 342-3100
Fax (217) 347-8723

DAVID W. SUTTERFIELD
dsuttlaw@gmail.com

July 11, 2011

St. Clair County Circuit Clerk
10 Public Square, Third Floor
Belleville, IL 62220
ATTN: Shawn

> RE: Barnhart v. Covenant Care Midwest,
> Inc., et al.
> No. 2011-L-0397

Dear Shawn:

This letter is a follow up to my staff's telephone conversation with you on July 11, 2011 regarding the above-referenced matter.

I have enclosed for your file the original Affidavit that was filed bearing your office's file-stamp of July 8, 2011 for your file. Also, you will be returning to my office a file-stamped copy of the second Affidavit indicating the damages sought exceed $50,000 to my office, as I did not receive a file-stamped copy of that particular Affidavit.

Finally, you indicated that would forward the issued Summons directed to Covenant Care, LLC to my office. I have enclosed a self-addressed stamped envelope for your use in returning these items.

If you have any questions, please contact my office. Your professional courtesies are appreciated.

Sincerely,

David Sutterfield
Attorney at Law

DS:rb
Enclosure

ST CLAIR COUNTY
TWENTIETH CIRCUIT COURT, KAHALAH A. DIXON

RECEIPT #: C    000285339          DATE: 07-08-2011          TIME: 12:57:26
RECEIVED OF: BARNHART PEGGY                                 MEMO:
    PART. ID: 839019
    BY CLERK: gt
    CHECKS: A    12497              $458.50

CASH            CREDIT          CHANGE          OTHER
$0.00           $0.00           $0.00           $0.00

| CASE NUMBER | EVENT | COURT/JUDGE | TAX NO. | AMOUNT |
|---|---|---|---|---|
| 11-L-0397 | 2023 | PMT:CFIL COMPLAINT FILING FEE | | $246.00 |
| BARNHART VS COVENANT CARE | | | | |
| PARTY: BARNHART PEGGY | | | | |
| 11-L-0397 | 2031 | PMT:CJUR12 12 PERSON JURY FEE | | $212.50 |
| BARNHART VS COVENANT CARE | | | | |
| PARTY: BARNHART PEGGY | | | | |

TOTAL RECEIPT...          $458.50

*   CHECK/CHEQUE IS CONDITIONAL PAYMENT
* PENDING RECEIPT OF FUNDS FROM BANK. *