UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| *PEGGY BARNHART, independent administrator of the estate of Samuel G. Barnhart, Sr., deceased,* <br><br> Plaintiff, <br><br> v. <br><br> *COVENANT CARE MIDWEST INC., d/b/a CEDAR RIDGE HEALTH & REHAB CENTER, d/b/a FRIENDSHIP HOME, and d/b/a HIGHLAND HEALTH CARE CENTER; COVENANT CARE, INC.; COVENANT CARE, LLC; CENTRE PARTNERS MANAGEMENT, LLC; COVENANT CARE'S SENIOR MANAGEMENT; COVENANT CARE CALIFORNIA, INC.; COVENANT CARE CALIFORNIA, LLC; ROBERT LEVIN; and ANDREW F. TOROK,* <br><br> Defendants. | Cause No. 3:11-CV-00712-JPG-SCW |

## MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION BY DEFENDANT ANDREW F. TOROK

COMES NOW defendant, Andrew F. Torok (hereinafter "Defendant"), by and through his attorneys, Sandberg Phoenix & von Gontard P.C., and for his Motion to Dismiss for Lack of Personal Jurisdiction under Federal Rule of Civil Procedure 12(b)(2), states as follows:

### Introduction

1. On July 8, 2011, plaintiff Peggy Barnhart, independent administrator of the estate of Samuel G. Barnhart, Sr. ("plaintiff") filed her "Complaint Jury Demand" (hereinafter "Complaint") in the Circuit Court of St. Clair County, Illinois, against

Defendant and others, alleging failures to provide adequate medical or personal care to Samuel G. Barnhart, Sr. (the "decedent") [see Doc. No. 2-1].

2. On July 26, 2011, Defendant received service of process in this case [see Doc. No. 2-3, p. 11 of 31].

3. On August 18, 2011, this case was removed to this Court [Doc. No. 2].

4. In her Complaint, plaintiff alleges that for approximately three weeks in 2009, the decedent was a resident of Cedar Ridge Health and Rehab Center ("Cedar Ridge") [see Doc. No. 2-1, ¶¶ 7-8].

5. Cedar Ridge is a long-term care facility in Lebanon, Illinois, operated by licensee Covenant Care Midwest, Inc. [see Doc. No. 4, ¶ 6], which is also a party in this action and is actually the proper defendant to be sued.

## Jurisdictional Facts

6. Defendant is not the owner, licensee, or operator of Cedar Ridge [see Affidavit of Andrew F. Torok ("Torok Affidavit"), attached hereto and incorporated herein, ¶ 5].

7. Defendant is not a citizen of Illinois [see Doc. No. 2, ¶ 9(i)].

8. Defendant is not a physician and has no formal training in medicine or nursing [Torok Affidavit, ¶ 7].

9. Defendant has not held the operating license of Covenant Care Midwest, Inc., of Cedar Ridge, or of any other skilled nursing facility in Illinois [Torok Affidavit, ¶ 6].

10. Defendant has not provided care to residents of Cedar Ridge or any other skilled nursing facility in Illinois [Torok Affidavit, ¶ 8].

11. Defendant has not employed any care providers or administrative staff at Cedar Ridge or any other skilled nursing facility in Illinois [Torok Affidavit, ¶ 9].

12. Defendant has not provided medical or nursing care or treatment to the decedent [Torok Affidavit, ¶ 10].

13. Defendant has not provided medical or nursing care or treatment to anyone in Illinois [Torok Affidavit, ¶ 11].

14. Defendant has not transacted business within Illinois [Torok Affidavit, ¶ 12].

15. Defendant has not committed a tortious act within Illinois [Torok Affidavit, ¶ 13].

16. Defendant has not owned, used, or possessed any real estate situated in Illinois [Torok Affidavit, ¶ 14].

17. Defendant has not contracted to insure any person, property, or risk located within Illinois [Torok Affidavit, ¶ 15].

18. Defendant has not entered into a contract or promise, or performed on any contract or promise, substantially connected with Illinois [Torok Affidavit, ¶ 16].

19. Defendant has not acquired the ownership, possession, or control of any asset or thing of value present within Illinois [Torok Affidavit, ¶ 17].

20. Defendant has not breached any fiduciary duty within Illinois [Torok Affidavit, ¶ 18].

21. Defendant has not had an ownership interest in any trust administered in Illinois [Torok Affidavit, ¶ 19].

22. Defendant has not exercised powers granted under the authority of the State of Illinois as a fiduciary [Torok Affidavit, ¶ 20].

23. Defendant has not maintained an agent in Illinois [Torok Affidavit, ¶ 21].

24. Defendant has not maintained an office in Illinois [Torok Affidavit, ¶ 22].

25. Defendant has not solicited business in Illinois [Torok Affidavit, ¶ 23].

### Basis for Dismissal

26. Defendant lacks minimum contacts with Illinois, in that there is no basis for this Court to have specific or general jurisdiction over Defendant, as reflected in the facts set forth above in paragraphs 6 through 25.

27. In particular, plaintiff's cause of action does not arise from and is not directly related to any contacts by Defendant with Illinois, thereby precluding the existence of specific jurisdiction over Defendant.

28. Furthermore, Defendant has not engaged in continuous and systematic activities within Illinois to justify the Court's exercise of general jurisdiction over Defendant.

29. The Court's exercise of jurisdiction over Defendant would offend traditional notions of fair play and substantial justice, and violate due process. See Mobile Anesthesiologists Chicago, LLC v. Anesthesia Assocs. of Houston Metroplex, P.A., 623 F.3d 440, 443-44 (7th Cir. 2010) (discussing applicable principles and examining specific jurisdiction); uBID, Inc. v. GoDaddy Group, Inc., 623 F.3d 421, 425-26 (7th Cir. 2010) (discussing applicable principles and examining general jurisdiction).

**Conclusion**

30.     In light of the Court's lack of personal jurisdiction over Defendant, the Court should dismiss Defendant from this action under Rule 12(b)(2), which would leave plaintiff's counts against the proper defendant, Covenant Care Midwest, Inc.

31.     In further support of this motion, Defendant is filing separately his memorandum of law, which discusses in more detail the facts and legal grounds serving as the basis for this Court to dismiss Defendant from this action.

WHEREFORE, defendant Andrew F. Torok respectfully requests that the Court dismiss plaintiff's Complaint with prejudice, award this defendant his costs, and grant such other and further relief the Court deems just and proper under the circumstances.

SANDBERG PHOENIX & von GONTARD P.C.

By:   */s/Timothy C. Sansone*
      Timothy C. Sansone
      600 Washington Avenue - 15th Floor
      St. Louis, MO  63101-1313
      314-231-3332
      314-241-7604 (fax)
      E-mail:  tsansone@sandbergphoenix.com

      *Attorneys for Defendant*
      *Covenant Care Midwest, Inc.*

## Certificate of Service

      I certify that this document is being electronically filed with the Court on October 13, 2011 using the Court's CM/ECF system, which automatically causes delivery of this document to counsel of record, as follows:

David Sutterfield
Sutterfield Law Offices, P.C.
208 S. Second St.
P.O. Box 836
Effingham, IL 62401
(217) 342-3100
*Attorney for Plaintiff*

                                              /s/Timothy C. Sansone