UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PEGGY BARNHART, *Independent Administrator of the Estate of Samuel G. Barnhart, Sr., deceased*, <br><br> Plaintiff, <br> v. <br><br> COVENANT CARE MIDWEST, INC., d/b/a CEDAR RIDGE HEALTH & REHAB CENTER, d/b/a FRIENDSHIP HOME, and d/b/a HIGHLAND HEALTH CARE CENTER; COVENANT CARE, INC.; COVENANT CARE, LLC; CENTRE PARTNERS MANAGEMENT, LLC; COVENANT CARE'S SENIOR MANAGEMENT; COVENANT CARE CALIFORNIA, INC.; COVENANT CARE CALIFORNIA, LLC; ROBERT LEVIN; and ANDREW F. TOROK, <br><br> Defendants. | No. 3:11-CV-00712-JPG-SCW |

**MEMORANDUM AND ORDER**

This matter comes before the court on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction filed by defendant Robert Levin (Doc. 24). Levin seeks dismissal of the claims brought against him by plaintiff Peggy Barnhart. Barnhart filed a response (Doc. 29), to which Levin further replied (Doc. 30).

This case arose after plaintiff's husband, Samuel G. Barnhart, Sr., passed away from medical complications upon receiving treatment at Cedar Ridge Health and Rehab

Center ("Cedar Ridge") in Lebanon, Illinois. Plaintiff, as the independent administrator of her husband's estate, filed a multiple-count complaint (Doc. 2-1, 2-2) against several entities and individuals associated with Cedar Ridge, including Robert Levin. Plaintiff's complaint set forth a survival action (Count XV) and a wrongful death action (Count XVI) against Levin.

### A. Burden of Proving Personal Jurisdiction

When personal jurisdiction is challenged under Rule 12(b)(2), the plaintiff bears the burden of establishing personal jurisdiction over a defendant. *Purdue Research Found. v. Sanofi-Syntholabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003) (citing *Central States, S.E. & S.W. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 939 (7th Cir. 2000)). If there are material facts in dispute regarding the Court's jurisdiction over a defendant, the Court may hold an evidentiary hearing at which the plaintiff must establish jurisdiction by a preponderance of the evidence. *Purdue Research*, 338 F.3d at 782 (citing *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002)). Alternatively, the Court may decide the motion to dismiss without an evidentiary hearing based on the submitted written materials so long as it resolves all factual disputes in the plaintiff's favor. *Purdue Research*, 338 F.3d at 782 (citing *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997)); *see Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir.), *cert. denied*, 131 S. Ct. 567 (2010). If the Court consults only the written materials, the plaintiff need only make *a prima facie* showing of personal jurisdiction. *Purdue Research*, 338 F.3d at 782 (citing *Hyatt*, 302 F.3d at 713); *Tamburo*, 601 F.3d at 700. Here, the Court considers only the written materials and therefore, the plaintiff's burden is to make a *prima facie* showing of personal jurisdiction.

**B. Facts**

The Court may receive and weigh affidavits to determine whether it has personal jurisdiction. *Nelson v. Park Industries, Inc.*, 717 F.2d 1120, 1123 (7th Cir. 1983). The Court takes as true all well-pleaded facts and resolves all factual disputes in the plaintiff's favor, but the Court accepts as true any facts contained in the defendant's affidavits not refuted by the plaintiff. *See Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010), *cert. denied*, 131 S. Ct. 567 (2010) (citing *Purdue Research Found. v. Sanofi-Syntholabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003)); *RAR, Inc. v. Turner Diesel, Ltd.,* 107 F.3d 1272, 1276 (7th Cir.1997). Thus, once the defendant has submitted affidavits or other evidence in opposition to the exercise of jurisdiction, the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction. *Purdue Research*, 338 F.3d at 782-83.

The following relevant facts are derived from Levin's affidavit and are not refuted by further evidence from the plaintiff:

- Levin is not an Illinois citizen.
- Levin's business office is located in Viejo, California.
- Levin is not the owner, operator, or licensee of Cedar Ridge.
- Levin does not hold the license to Cedar Ridge.
- Levin is not a medical professional and has not provided medical care to any residents at Cedar Ridge.
- Levin has not done business in Illinois since 2006.

The following relevant facts are alleged in the plaintiff's complaint and are not refuted by evidence from Levin:

- Defendant Covenant Care Midwest, Inc. ("Midwest), a California corporation, is the owner and operator of Cedar Ridge, a long-term nursing care facility in Lebanon, Illinois.[1]

- Levin is an officer and governing board member of Cedar Ridge.

- Levin is an owner and officer of another entity that serves on the governing board of Cedar Ridge.

- Levin controlled and directly participated in the operation, planning, management and quality control of Cedar Ridge, including but not limited to: the budget; the hiring and retention of the Administrator and the Director of Nursing; the level of nursing staff; training of nursing staff; resident census goals; creation and implementation of policies and procedures; the entity providing therapy services; the pharmacy that provided medications to the residents; the contents of the resident contract; the consultants and outside contractors; marketing; quality assessment; and regulatory compliance.

- Levin is an officer of, owner of, investor in, or engaged in a joint enterprise with several entities associated with this lawsuit.

---

[1] Although the plaintiff confusingly uses the names Midwest and Cedar Ridge interchangeably, the Court understands the two names to identify a single entity. Midwest is actually doing business as ("d/b/a") Cedar Ridge, a distinction that does not create a separate entity. *See Duval v. Midwest Auto City, Inc*., 425 F. Supp. 1381, 1387 (D. Neb. 1977), *aff'd*, 578 F.2d 721 (8th Cir. 1978) (stating that the designation "d/b/a" means "doing business as" but is merely descriptive of the person or corporation who does business under some other name).

### C. Personal Jurisdiction

A federal court sitting in diversity, as the Court does in this case, looks to the personal jurisdiction law of the state in which the court sits to determine if it has personal jurisdiction over a defendant. *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002) (citing *Dehmlow v. Austin Fireworks*, 963 F.2d 941, 945 (7th Cir. 1992)). Thus, this Court applies Illinois law. Under Illinois law, a court has personal jurisdiction over a defendant if an Illinois statute grants personal jurisdiction and if the exercise of personal jurisdiction is permissible under the Illinois and United States constitutions. *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997); *Wilson v. Humphreys (Cayman) Ltd.*, 916 F.2d 1239 (7th Cir. 1990).

#### 1. Illinois Statutory Law

Under Illinois law, the long-arm statute permits personal jurisdiction over a party to the extent allowed under the due process provisions of the Illinois and United States constitutions. 735 ILCS 5/2-209(c); *Hyatt*, 302 F.3d at 714; *Central States, S.E. & S.W. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 940 (7th Cir. 2002). Therefore, whether the Court has jurisdiction over a defendant depends on whether such jurisdiction is permitted by federal and state constitutional standards.

#### 2. Illinois Constitutional Law

The Illinois Constitution's due process guarantee, Ill. Const. art. I, § 2, permits the assertion of personal jurisdiction "when it is fair, just, and reasonable to require a nonresident defendant to defend an action in Illinois, considering the quality and nature of the defendant's acts which occur in Illinois or which affect interests located in Illinois." *Rollins v. Ellwood*, 565 N.E.2d 1302, 1316 (Ill. 1990). When interpreting these

5

principles, a court may look to the construction and application of the federal due process clause. *Id*. In fact, the Seventh Circuit Court of Appeals has suggested that there is no operative difference between Illinois and federal due process limits on the exercise of personal jurisdiction. *Hyatt*, 302 F.3d at 715 (citing *RAR,* 107 F.3d at 1276). The Court sees nothing in this case indicating that in this particular situation the federal and state standards should reach a different result. Therefore, if the contacts between the defendant and Illinois are sufficient to satisfy the requirements of federal due process, then the requirements of both the Illinois long-arm statute and the Illinois Constitution have also been met, and no other inquiry is necessary.

### 3. Federal Constitutional Law

The Due Process Clause of the Fourteenth Amendment limits when a state may assert personal jurisdiction over nonresident individuals and corporations. *See Pennoyer v. Neff*, 95 U.S. 714, 733 (1877), *overruled on other grounds by Shaffer v. Heitner*, 433 U.S. 186 (1977). Under federal due process standards, a court can have personal jurisdiction over a defendant only if the defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). The defendant must have purposefully established such minimum contacts with the forum state such that it "should reasonably anticipate being haled into court there," *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980), because it has "purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws," *Hanson v. Denckla*, 357 U.S. 235, 253 (1958); *Burger King*

6

*Corp. v. Rudzewicz*, 471 U.S. 462, 474-75 (1985); *see J. McIntyre Mach., Ltd. v. Nicastro*, 131 S. Ct. 2780, 2788 (2011) (Kennedy, J., plurality opinion).

What this standard means in a particular case depends on whether the plaintiff asserts "general" or "specific" jurisdiction. Specific jurisdiction refers to jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum. *Hyatt*, 302 F.3d at 716 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 nn. 8, 9 (1984)). General jurisdiction, on the other hand, may exist even in suits that do not arise out of or relate to the defendant's contacts so long as the defendant has "continuous and systematic" contacts with the forum state. *Hyatt*, 302 F.3d at 713; *Helicopteros Nacionales*, 466 U.S. at 416.

**D. Analysis**

Although the plaintiff has not asserted that this Court has general jurisdiction over Levin, the Court will address both its general and specific jurisdiction for the sake of thoroughness.

1. General Jurisdiction

Unlike specific jurisdiction, general jurisdiction allows the defendant to be sued in the forum regardless of the subject matter, and the defendant's contacts with the forum must be "continuous and systematic" in order for the forum to have general jurisdiction. *Purdue Research Found. v. Sanofi-Syntholabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). In fact, the contacts with the forum must be "so extensive . . . that it would be fundamentally fair to require [him] to answer in an [Illinois] court in *any* litigation arising out of *any* transaction or occurrence taking place anywhere in the world." *Id*. at 787.

The Court finds that Levin's contacts with Illinois are insufficient for him to foresee being haled into court here for a matter unrelated to his contacts with the forum. Levin's contacts are not so "continuous and systematic" to give the Court jurisdiction over him for matters occurring elsewhere, and therefore, the Court declines to find that it has general jurisdiction over him.

2.  Specific Jurisdiction

Specific jurisdiction is limited to the defendant's conduct with respect to *this* litigation and requires fewer contacts with the forum than general jurisdiction. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980). In order for this Court to properly exercise specific jurisdiction, Levin must have purposefully established "minimum contacts" such that the maintenance of this suit does not offend "traditional notions of fair play and substantial justice." *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-77 (1985); *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945).

The first step in the analysis is determining whether the defendant has purposefully established contacts in the forum. *See International Shoe,* 326 U.S. at 316; *Purdue Research,* 338 F.3d at 780. The focus of the "minimum contacts" test is foreseeability. *See Burger King,* 471 U.S. at 474. In other words, the Court must determine whether Levin could have reasonably anticipated being haled into an Illinois court with respect to the matter at issue, *id*.; *see also World-Wide Volkswagon*, 444 U.S. at 297, because he purposefully availed himself of the privilege of conducting his activities in Illinois. *See Burger King*, 471 U.S. at 474-75; *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). This requirement ensures that Levin has sufficient ability to structure

his activities so that he can reasonably anticipate the jurisdictions in which he will be required to answer for his conduct. *See Burger King,* 471 U.S. at 472. Further, this suit must "arise out of" or "be related to" Levin's contacts with Illinois. *See RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997); *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984).

Once the Court decides that a defendant purposefully has established contacts within the forum state, those contacts may be evaluated in light of other factors to determine, in the final analysis, whether the exercise of jurisdiction would be "reasonable and just according to [] traditional conception[s] of fair play and substantial justice." *International Shoe*, 326 U.S. at 320; *see also Purdue Research,* 338 F.3d at 781; *Burger King,* 471 U.S. at 476. The Court may consider a number of factors when making this determination, including: the burden on Levin; Illinois' interest in adjudicating the dispute; the plaintiff's interest in obtaining convenient and effective relief; the interstate judicial system's interest in obtaining the most efficient resolution of the underlying dispute; and the shared interest of the several States in furthering fundamental substantive social policies. *Burger King*, 471 U.S. at 477 (citing *World-Wide Volkswagon*, 444 U.S. at 292).

Levin's contacts with Illinois stem from his business relationships and responsibilities with Cedar Ridge. First, Levin serves as an officer of the company, as well as a governing board member. He is also involved in the leadership and finances of other companies closely related to Cedar Ridge, including companies named in this lawsuit. But the Court declines to find that Levin has the requisite minimum contacts

with Illinois based solely upon his business positions and relationships with any of the companies involved.[2]

However, Levin's direct and purposeful participation in the operation and management of Cedar Ridge is extensive. He is actively involved in important aspects of the facility, such as the budget, hiring and retention of the Administrator and Director of Nursing, level of nursing staff, and regulatory compliance. Levin's involvement and decisions at Cedar Ridge are directed at this forum and broadly affect the residents of Cedar Ridge, all of whom are located in Illinois. Therefore, Levin should have foreseen being haled into court here, and the Court finds that Levin has purposefully established minimum contacts with this forum.

Next, Levin's contacts with Illinois are sufficient to show that bringing him into Court here is not unreasonable and does not offend traditional notions of fair play and substantial justice. Levin has demonstrated that he can be closely involved with the operation of an Illinois nursing facility while located in California, and the burden on him to defend this suit in Illinois is minimal. Further, Illinois has an interest in adjudicating this dispute because Levin's actions at Cedar Ridge directly affect nursing facility residents in Illinois and the alleged cause of the plaintiff's injury took place in Illinois.

Therefore, the Court holds that the plaintiff has established a *prima facie* case for personal jurisdiction and that Levin is subject to personal jurisdiction in this forum.

---

[2] Neither party has raised the applicability of the fiduciary shield doctrine and the Court declines to discuss it here.

Accordingly, the Court **DENIES** the motion to dismiss Levin for lack of personal jurisdiction (Doc. 24).

**IT IS SO ORDERED.**
**DATED: April 2, 2012**

                                                s/J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**